UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,  <br>  Plaintiff,  <br> vs.  <br> JT CLANCY SMITH,  <br>  Defendant. | No. 2:16-CR-011-JLQ  <br> MEMORANDUM OPINION RE: SENTENCING |

A sentencing hearing was held on July 22, 2016. Defendant was present, on conditions of release, and represented by Assistant Federal Defender Matthew Campbell. Assistant United States Attorney James Goeke appeared for the Government. The court heard from counsel and the Defendant and imposed sentence. This Memorandum Opinion memorializes and supplements the court's oral rulings.

**I. Introduction/Procedural History**

Defendant was indicted by the grand jury and charged with Aggravated Sexual Assault and Abusive Sexual Contact in violation of 18 U.S.C. §§ 2241 and 2244 on January 20, 2016. (ECF No. 1). The Indictment charged the alleged offenses occurred between July 14, 2009, and September 9, 2010. Defendant entered a plea of guilty to an Information Superseding Indictment on May 24, 2016. The Information charged Defendant, then age 18, with Abusive Sexual Contact with his cousin, a minor under the age of 12. Defendant entered his plea pursuant to a Plea Agreement (ECF No. 41). The Plea Agreement addressed the offense level calculation, but did not contain an agreement

ORDER - 1

as to the cross-reference to USSG § 2A3.1, and stated both parties "are free to recommend any legal sentence up to the statutory maximum of six years' imprisonment." (ECF No. 41, ¶ 9).

Defendant filed a Sentencing Memorandum (ECF No. 48) containing objections to the Presentence Investigation Report ("PSR") and argued for a sentence of time served. The Government's Sentencing Memorandum (ECF No. 49) argued for a sentence of 66 months. The parties jointly recommend a life term of supervised release.

## II. Guideline Calculation

The PSR calculated an adjusted offense level of 34. The Probation Office applied a 10-level increase via a cross-reference under USSG 2A3.4(c)(1) which states: "If the offense involved criminal sexual abuse (as defined in 18 USC § 2241 or 2242), apply § 2A3.1." Defendant objects to application of this cross-reference.

Neither Section 2241 or 2242 defines "criminal sexual abuse." Section 2241 is entitled "aggravated sexual abuse" and 2242 is "sexual abuse". Both of these sections speak to "sexual acts" and the use of force or threat or placing a person in fear. "Sexual act" is defined differently than "sexual contact" in the applicable definitions. 18 USC § 2246. Defendant pled to "sexual contact". The Information charged Defendant with "threatening Minor A and placing Minor A in fear". The agreed factual statement in the Plea Agreement does not mention threats, but does state the minor victim was "fearful of Smith." (ECF No. 41, ¶ 5). In *United States v. Morgan*, 164 F.3d 1235 (9th Cir. 1999), the Ninth Circuit affirmed the use of the cross-reference in a case where the defendant had pled to abusive sexual contact. However, the court stated whether the cross-reference applied was "fact dependent," and focused on whether the acts constituted "criminal sexual abuse." *Id*. at 1238. In *Morgan*, the defendant had raped the victim while she was partially unconscious from drinking. The Government argues Defendant's admission in the Plea Agreement that he placed the victim in fear and engaged in sexual contact is sufficient for the cross-reference to apply.

ORDER - 2

The court found at the sentencing hearing the cross-reference did appropriately apply, and the PSR calculation was correct. Accordingly, the total offense level is 31, the criminal history is category I, and the Guideline range is 108 to 135 months. However, as the statutory maximum is 72 months, the maximum Guideline range is 72 months. Defendant has argued the correct Guideline calculation is 37 to 46 months. In this unique case, whether the correct Guideline range is 72 months, or 37 to 46 months, does not impact the court's sentence. The court must impose a sentence which is "sufficient, but not greater than necessary," and as set forth *infra*, the § 3553(a) factors are paramount and a variance is appropriate.

### III. 3553(a) Factors

The court has considered the nature and circumstances of the offense. The relevant conduct involved the Defendant's cousin, and was not a single occurrence, but was repeated. The wrongful conduct involved the touching of the victim's vagina, but did not involve sexual intercourse. The court has considered the conduct occurred when Defendant was young. According to the victim, the abuse started in May 2009, at which time Defendant was 17-years old. (PSR ¶ 13). The victim's family learned of the abuse in 2010, but chose not to report it to law enforcement. (PSR ¶ 16). The victim has not submitted a Victim Impact Statement to the court, despite being contacted by the prosecution.

The court has considered the history and characteristics of the Defendant. Defendant has no other criminal conduct, and has zero criminal history points. As the Government states: "Defendant has absolutely zero criminal history as an adult, zero as a juvenile, no arrests, no pending charges, and no other criminal conduct." (ECF No. 49, p. 6). Defendant has been on pretrial release since January 2016, and according to Probation has been in full compliance. The court has considered Probation's recommendation and report that at the time the offense conduct started Defendant had just dropped out of high school in the 11th grade, was quiet and socially withdrawn, and had

ORDER - 3

been the subject of bullying in school.

The court has considered that there must be appropriate punishment and the sentence must reflect the seriousness of the offense and promote respect for the law. Although there are mitigating factors, Defendant's sentencing recommendation of time-served would not serve these goals. Defendant is correct that the non-custodial ramifications of the sentence–including registration as a sex offender and a life term of supervised release are significant. The court has also considered the need for adequate deterrence and the need to protect the public. The Government argues the need to protect the public in support of its recommendation. The court finds the argument unconvincing. Defendant has no other criminal history before this offense, and none in the last seven years since the offense. Further, he has been compliant while supervised on pretrial release for the last six months.

The court is impressed with Defendant's extraordinary acceptance of responsibility. As the Government candidly admitted at sentencing, with no complaint to law enforcement until some six years after the offenses, charges likely would not have been pursued in this matter if not for Defendant's admissions to law enforcement agents when interviewed six years after the offenses. The Probation Office reports Defendant is very remorseful. For all the aforesaid reasons, the court determined the appropriate sentence, which is sufficient but not greater than necessary, is 15-months.

**IT IS HEREBY ORDERED**:

1. Judgment for a custodial term of 15-months and a life term of supervised release shall be entered in accordance with this Order and the court's oral pronouncement at sentencing.

2. Defendant shall be allowed to self-report. Defendant orally requested he be released from the condition of electronic/G.P.S. monitoring prior to traveling to self-report at the designated BOP facility. The United States Probation Office may retrieve its monitoring equipment prior to Defendant's departure to the BOP facility. This

ORDER - 4

removal should be done as close in time to Defendant's departure as is reasonably practical in the Probation Office's discretion. Defendant shall not be removed from electronic monitoring more than 48-hours prior to the designated self-report time without seeking approval of the court.

**IT IS SO ORDERED**. The Clerk shall enter this Order and furnish copies to counsel and the United States Probation Office.

Dated this 25th day of July, 2016.

s/ Justin L. Quackenbush<br>
JUSTIN L. QUACKENBUSH<br>
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 5